UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLITA O.,<br><br>                          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No.:  23-cv-572-KSC<br><br>**ORDER REVIEWING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

     Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying Plaintiff's claim for benefits. Doc. No. 1. This Court directed the parties to explore informal resolution of the matter through the meet-and-confer process, but the parties were unable to resolve the case on their own. Doc. No. 10, 11. Having independently reviewed the parties' briefing and the Administrative Record ("AR"), the Court **VACATES** the decision of the Commissioner and **REMANDS** this matter to the agency. On remand, the ALJ shall issue a new decision consistent with this Order.

## I. BACKGROUND

Plaintiff, represented by counsel, appeared before an Administrative Law Judge ("ALJ") for de novo review of the Social Security Commissioner's initial decision to deny plaintiff's claim for benefits. *See generally* AR 20-37.[1] Plaintiff's attorney and the ALJ both examined plaintiff at the hearing, and the ALJ received testimony from a vocational expert. *See id.*; *see also* AR 42-56. After reviewing the documentary evidence in the record and hearing the witnesses' testimony, the ALJ concluded plaintiff was not disabled. AR 37.

The ALJ's decision followed the five steps prescribed by applicable regulations under which the ALJ must sequentially determine (1) if the claimant is engaged in substantial gainful employment; (2) whether the claimant suffers from a "severe" impairment; (3) if any impairment meets or is medically equal to one of the impairments identified in the regulatory Listing of Impairments; (4) the claimant's residual functional capacity ("RFC") and whether the claimant could perform any past relevant work; and (5) whether a claimant can make an adjustment to other work based on his or her RFC. *See* 20 C.F.R. § 404.1520(a)(4); AR 24-25. The ALJ's evaluation ends if at any individual step the ALJ finds the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4).

The ALJ made a threshold finding plaintiff met the insured status requirements through March 31, 2025. AR 25. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity between the alleged onset of disability, February 25, 2020, and the hearing. *Id*. At step two, the ALJ found plaintiff had four severe physical impairments: "bilateral carpal tunnel syndrome, status post carpal tunnel release on the right, degenerative changes of the left shoulder, and mild degenerative disc disease of the lumbar spine." *Id.* The ALJ found plaintiff had the following non-severe physical and mental impairments: ganglion cyst of the left foot; insomnia; dyspepsia; diabetes mellitus; and unspecified psychotic, depressive, and anxiety disorders. AR 26-28. At step three, the ALJ

---

[1] The Court adopts the parties' citations to the certified record in this matter. All other citations reflect pagination assigned by the Court's CM/ECF case management system.

found that none of plaintiff's impairments, alone or in combination met or exceeded the listings of 20 CFR Part 404, Subpart P, Appendix 1. AR 28.

At step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except plaintiff:

> should never climb ladders, ropes or scaffolds; . . . can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; . . . can frequently perform handling and fingering bilaterally; . . . can frequently perform overhead reaching on the left; . . . can frequently perform pushing and pulling on the right; . . . cannot use hand tools requiring torquing motion and pressure; [and] should avoid concentrated exposure to unprotected heights and moving and dangerous machinery.

AR 28-36; (citing 20 C.F.R. § 404.1567(a)). The ALJ concluded plaintiff could perform her past relevant work as a budget accountant. AR 36-37. Accordingly, the ALJ found plaintiff was not disabled. AR 37. The Commissioner's decision to deny plaintiff's benefits claim became final on October 25, 2022, when the Social Security Appeals Counsel denied plaintiff's request to review the ALJ's decision. AR 9-14.

## II. DISPUTED ISSUE

Plaintiff raises only a single issue in this appeal: the ALJ failed to articulate specific, clear, and convincing reasons for rejecting plaintiff's subjective symptom testimony. Doc No. 12 at 6.

## III. STANDARD OF REVIEW

This Court will affirm the ALJ's decision if (1) the ALJ applied the correct legal standards; and (2) the decision is supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under the substantial evidence standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if there is evidence in the record to support more than one rational interpretation, the Court will defer to the Commissioner. *Id.*

The Court's ability to uphold the ALJ's decision is limited in that this Court may not make independent findings and therefore cannot uphold the decision on a ground not asserted by the ALJ. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Even if the ALJ makes an error, this Court can nonetheless affirm the denial of benefits if such error was "harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

### IV. ANALYSIS OF THE COMMISSIONER'S DECISION

When a Social Security claimant presents objective medical evidence of an underlying impairment that might reasonably produce the complained-of symptoms, and the ALJ does not find evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of those symptoms for "specific, clear, and convincing reasons*." Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015)). The "clear and convincing standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). "The standard isn't whether [this] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id.* Concurrently, the ALJ may not merely provide a summary of record evidence and a boilerplate conclusion asserting plaintiff's testimony is generally inconsistent with objective medical evidence. *Lambert*, 980 F.3d at 1277. Rather, the ALJ must identify specific testimony he or she finds not credible and "link that testimony to part of the record supporting" the negative credibility assessment. *Brown-Hunter*, 806 F.3d 487.

The record shows plaintiff testified the following symptoms impacted her ability to work: pain and tingling in hands from bilateral carpel tunnel syndome causing difficulty with manipulation and inability to file or type on the computer for more than three hours in a work day or 30 minutes at a stretch; left shoulder elasticity and pain when holding objects; inability to lift more than 3-5 pounds because of back, shoulder, and hand injuries; inability to sit for more than thirty minutes due to back pain; hip cramping and chronic shin

cramping causing inability to drive for more than five to ten minutes; anxiety and depression that impact her ability to work with colleagues; an inability to lift even light household objects like cups or silverware without a risk of dropping them; sleeplessness due to pain throughout the day which in turn causes lack of focus; blurred vision that impacts the ability to focus on work-related tasks; and urinary incontinence that impacts the ability to attend meetings and meet deadlines. *See* AR 47-53, 211-18.

At step one, the ALJ found plaintiff' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 32. At step two, the ALJ found Plaintiff's statements not fully credible because plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in the decision." *Id*. An ALJ may not, however, simply write off the plaintiff's subjective symptom testimony with a boilerplate statement about such testimony not being consistent with the record as a whole. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014); *accord Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014). Plaintiff notes the ALJ included this kind of boilerplate, prefatory language in the decision, and she characterizes the ALJ's subsequent rationale as "insufficient." *See* Doc. No. 12 at 8-9. Based on this Court's review of the ALJ's decision, the ALJ did not stop at making a boilerplate recitation of his credibility determination. *See generally* AR 28-32. At the outset, the ALJ accurately identified the subjective symptoms complained of by plaintiff. *See* AR 29-30. The ALJ then pointed to at least *some* of the symptoms plaintiff identified, and explained his rationale for finding plaintiff's testimony not credible. *See, e.g.*, AR 30-31. However, the ALJ's method of assessment was not consistent throughout his analysis.

Plaintiff's testimony can be divided into three general categories related to (1) her activities of daily living ("ADLs"); (2) her physical pain from shoulder, back, and wrist impairments; and (3) residual impairments not directly caused by her physical injuries. The Court will separately address the ALJ's assessment of each category because the ALJ's methods differed for each.

Evidence related to a plaintiff's ADLs is generally of limited probative value because a plaintiff need not be confined to permanent bedrest to be deemed too disabled to work. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). As such, evidence of an ability to engage in ADLs is only probative when it is "inconsistent" with a plaintiff's testimony or where it establishes skills that can readily be transferred to the workplace. *Id.* Plaintiff in this case identified serious limitations to her ability to engage in ADLs, testifying she could not manipulate a zipper, do dishes, open jars, or use breakable glassware. AR 52. She claimed an inability to change her clothes without assistance, so she normally remained in pajamas all day. AR 212. She also needed help with personal grooming and food preparation. *Id.* at 212-13. The ALJ cited a series of reports (dated November 11, 2020, and August 25, 2020) from plaintiff's physical therapy to support a conclusion that plaintiff's ability to perform her ADLs was not as dramatically impaired as her subjective testimony indicated. AR 30-31.

The ALJ's reliance on these reports was unpersuasive. While the ALJ noted some "improvement" in the November 11, 2020, report, plaintiff was still reporting an ability to perform her ADLs that barely meets the standard for independent living, let alone a person capable of engaging in full-time work. *See* AR 986-87. Moreover, that same report indicates plaintiff still struggled to lift more than 8 pounds, which falls below the ten pound limit incorporated into the ALJ's conclusion plaintiff could perform sedentary work. *Compare* AR 986 *with* 20 C.F.R. 404.1567(a). Although this demonstrates an improvement from an earlier report dated August 25, 2020, as the ALJ noted, the August 25, 2020, report paints a dire picture of plaintiff's condition in which she is limited to lifting only *five* pounds (or less), and she is incapable of cutting anything "harder than a tomato" in her home kitchen. *See* AR 1014-15. The record evidence cited by the ALJ was not inconsistent with plaintiff's testimony at the hearing because it still showed she was seriously impaired in performing her ADLs. The evidence also did not demonstrate transferrable job skills because the reports of plaintiff's physical therapy still indicate plaintiff was too impaired to perform at the level of work prescribed by the ALJ. The ALJ erred when he rested his

conclusion on this evidence because it did not fit the Ninth Circuit's test for relevant ADL evidence. *See Garrison*, 759 F.3d at 1016.

The ALJ's rejection of plaintiff's subjective testimony about her wrist, back, and shoulder also raises issues. The Ninth Circuit has clearly rejected the approach whereby the ALJ sets out a typical Residual Functional Capacity assessment and leaves the Court to conclude the ALJ rejected plaintff's subjective testimony to the extent it was inconsistent with the RFC assessment. *See Brown-Hunter*, 806 F.3d at 494-95; *Treichler*, 775 F.3d at 1103. The ALJ cannot simply summarize record evidence and state a conclusion: he must give "reasons" why the plaintiff's testimony is not credible. *Brown-Hunter*, 806 F.3d at 494. Here, the ALJ did an adequate job of identifying plaintiff's testimony about her pain symptoms and the degree to which those symptoms impaired plaintiff's ability to work. AR 29-30. However, he simply concluded "some" of her testimony was inconsistent with the medical record. AR 30. He devoted some effort to inadequately rebutting plaintiff's claims related to her ADLs. AR 30-32. Then he offered the boilerplate conclusion about plaintiffs "statements concerning the intensity, persistence and limiting effects of [her] symptoms [as] not entirely consistent" with the record "for the reasons explained in this decision." AR 32. At that point, the ALJ appears to have started an RFC assessment that amounted to a recitation of various medical records and reports, with little comment on their significance. *See* AR 32-36. At no point did the ALJ try to link any of the voluminous medical records to plaintiff's subjective testimony about her pain, and he never provided specific "reasons" for rejecting plaintiff's testimony that, on account of her wrist, back, and shoulder, she was incapable of working. The Court concludes the ALJ's analysis was therefore insufficient because the ALJ appears to have concluded, without providing reasons, that plaintiff's testimony was simply inconsistent with the RFC assessment.

As to plaintiff's testimony about her sleeplessness, inability to focus, blurred vision, or urinary incontinence, the ALJ's decision does not provide any reason why that testimony was rejected. The ALJ listed these symptoms and summarily concluded the plaintiff's impairments could reasonably be expected to cause "some" of the plaintiff's symptoms.

*See* AR 29-32. However, it is not clear from the ALJ's decision whether these symptoms were corroborated by objective medical evidence (or not), whether the ALJ found plaintiff's testimony not credible, or whether the ALJ even considered these factors at all. The only thing the Court can conclude with any clarity is these symptoms went unadressed, which does not discharge the ALJ's duty. The Court concludes the ALJ erred by rejecting plaintiff's testimony about her sleeplessness, inability to focus, blurred vision, or urinary incontinence.

The Court must also assess whether these errors were harmless. This Court's ability to assign harmlessness to an ALJ's error is severely constrained because the decision on an applicant's disability rests solely with the Social Security Administration. *See Brown-Hunter*, 806 F.3d at 492. Harmless error is therefore the exception to the rule in Social Security appeals. *See id.* In the context of a credibility determination such as this one, the Ninth Circuit finds harmless error where the ALJ provides an invalid reason to discount a plaintiff's subjective symptom testimony, but the ALJ's decision nonetheless incorporated another, independently sufficient ground for the adverse credibility determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds* 20 C.F.R. § 404.1502(a). In this case, the ALJ did not address plaintiff's claims of sleeplessness, inability to focus, blurred vision, or urinary incontinence at all; his assessment of plaintiff's pain testimony was insufficient; and his assessment of plaintiff's ADL's was based on an erroneous reading of the record. None of the ALJ's flawed analyses were supported by independent, sufficient reasoning free from error. Accordingly, the Court concludes the error here was not harmless.

The question of disposition remains. Plaintiff suggested the decision here should be "reversed" as opposed to merely vacated. *See* Doc. No. 12 at 18. Remand for an award of benefits is inappropriate where the evidence in the record contains conflicts that leave the Court with serious doubts about whether the plaintiff is actually disabled. *See Brown-Hunter*, 806 F.3d at 495-96. Here, although the ALJ failed to properly assess plaintiff's subjective symptom testiomony, he also noted a panoply of qualified medical practitioners

had opined plaintiff was capable of working. *See* AR 32-36. The Court is not in a position to resolve this conflict in the evidence. Accordingly, the Court will remand the matter so the ALJ may properly evaluate all of the symptoms identified by plaintiff.

## V. CONCLUSION

The ALJ did not correctly evaluate plaintiff's subjective symptom testimony as required by the controlling regulations and case law. The decision of the Commissioner is **VACATED**. On remand, the ALJ shall reconsider the record and issue a new decision consistent with this Order. The Clerk of Court is directed to enter judgment in favor of plaintiff and close the case.

Dated: December 12, 2023

Hon. Karen S. Crawford
United States Magistrate Judge