UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLITA O.,<br><br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[1]<br><br>        Defendant. | Case No.: 23-cv-572-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)** |

Plaintiff's counsel Steven G. Rosales filed a Motion for Attorney fees requesting "the Court for an order setting attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $33,753.80 . . . with a credit to plaintiff for the [Equal Access to Justice Act ("EAJA")] fees previously paid in the amount of $5,858.00." Dkt. No. 21 at 1. Neither plaintiff nor the Commissioner of Social Security filed an opposition to the Motion, and the time to do so has passed. Dkt. No. 23. For the reasons stated below, the Court DENIES the Motion without prejudice.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and the Court, therefore, substitutes him as the defendant in this matter. *See* Fed. R. Civ. P. 25(d)(1).

1

# BACKGROUND

On December 13, 2023, the Court issued judgment in plaintiff's favor and remanded the case to the Social Security Administration ("SSA") to reconsider the record. Dkt. No. 16. Thereafter, the Court adopted the parties' stipulation and ordered an EAJA fee award in the amount of $5,858. Dkt. No. 20.

On April 22, 2025, an administrative law judge ("ALJ") issued a decision favorable to plaintiff, finding she had been under a disability since her alleged onset date, February 25, 2020. Dkt. No. 21-2. The ALJ also declined to authorize counsel's fee agreement with plaintiff because:

> The fee agreement allows for a fee that exceeds the lesser of 25% of the past-due benefits or $9200[; and]
>
> The fee agreement includes a provision limiting the agreement's application to services through a specific level of the administrative appeal process [and] [plaintiff's] claim was favorably decided beyond the specified level so approval would violate the agreement.

Dkt. No. 21-2 at 11. The ALJ granted Mr. Rosales 15 days to challenge the fee agreement determination and directed he "must file a fee petition if he or she wants to charge or collect a fee." *Id.* at 11-12.

On June 8, 2025, the SSA issued a Notice of Award ("Notice") informing plaintiff she was "entitled to monthly disability benefits beginning August 2020." Dkt. No. 21-3 at 1. The Notice informed plaintiff her "first payment [was] for $101,261.40," which was "the money . . . due through May 2025," and thereafter she will receive $2,810 per month. *Id.* at 1-2. The Notice further stated "[w]e cannot approve the fee agreement between you and your representative because it sets a fee amount that is more than the lesser of the 25 percent of past-due benefits or $9200," and instructed "[i]f your representative wants us to pay the fee from your withheld benefits, he or she must ask us to approve the fee within 60 days." Dkt. No. 21-3 at 3. The Notice does not say whether the SSA withheld any portion of plaintiff's past-due benefits for attorney fees. Dkt. No. 21-3.

## DISCUSSION

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits." 42 U.S.C. § 406(b)(1)(A). Contingent fee arrangements are the primary avenue by which Social Security plaintiffs' counsel are compensated, subject to the 25 percent cap, although counsel must show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Fees awarded under § 406(b) are paid from the claimant's past-due benefits, not by the Commissioner. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc).

Mr. Rosales has not demonstrated his fee request is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered"). Although he was required to do so, Mr. Rosales did not secure the SSA's authorization for his fee agreement with plaintiff. *See* 20 C.F.R. § 404.1720(B)(3) (Counsel "must not charge or receive any fee unless [the Commissioner of Social Security Administration has] authorized it, and a representative must not charge or receive any fee that is more than the amount . . . authorize[d].")

Moreover, he has not offered sufficient evidence to show the amount of plaintiff's past-due benefits award. The Notice states plaintiff's "first payment" was for $101,261.40, which was "the money" due to her through May 2025; however, it is unclear whether this sum is the entire balance of her past-due benefits, or whether the SSA withheld a portion of her past-due benefits for attorney fees.[2] Dkt. No. 21-3. Furthermore, even if the SSA withheld a portion of plaintiff's past-due benefit award for attorney fees, it is unclear

---

[2] Instead of presenting sufficient evidence of plaintiff's past-due benefit award and attorney fee award withholding, counsel argues that because the SSA sent plaintiff a net payment of $101,261.40, the SSA must have withheld $33,753.80 for a potential attorney fee award. Dkt. No. 21 at 5, n. 1.

whether the SSA continues to retain these funds for Mr. Rosales' benefit, as his 60 day deadline to respond to the Notice was August 7, 2025. Dkt. No. 21-3 at 3-4.

## CONCLUSION

In sum, the Court cannot conclude counsel's fee request is reasonable and, therefore, denies the Motion without prejudice. *See Seufert v. Kijakaji*, No. 20-CV-02239-GJS, 2023 WL 8114864, at *2 (C.D. Cal. Oct. 2, 2023) (finding counsel failed to demonstrate Section 402(b) fee request was reasonable where "the [SSA] declined to approve Counsel's fee agreement because it permits a fee amount greater than '25 percent of past-due benefits or $7200.00'" and "the Court is unable to determine the amount of past-due disability benefits awarded.").

**IT IS SO ORDERED**.

Dated: December 16, 2025

_____
Hon. Karen S. Crawford
United States Magistrate Judge